# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ANTHONY YOUNG,                          )
                                        )
                    Movant.             )
                                        )
        vs.                             )          No.  4:07CV399-SNL
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )

## MEMORANDUM OPINION

Movant's"Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a

Person in Federal Custody" is before the Court.  The Government responded (#4) following

which movant filed "Movant's Brief to the 28 U.S.C. § 2255." (#7-1) (Movant's Brief is in the

nature of a supplemental motion for § 2255 relief).  The Government responded to Movant's

Brief (#8).

## BACKGROUND

In implementing the plea agreement, the Movant entered a plea of guilty to being a felon

in possession of a firearm traveling in interstate commerce.  The probation officer in a presentence

investigation report (PSR)found that Movant had a total offense level of 30 and a criminal history

category of V.  The range of punishment as to imprisonment was 151 to 188 months; however,

probation also determined that Movant was classified as an Armed Career Criminal which caused

the minimum term of imprisonment to be 180 months.  Accordingly, the range was 180 to 188

months.  See 18 U.S.C. § 924(e)(1).

Before sentencing Movant filed objections to his classification as an Armed Career

Criminal, and also to the application of a four-level enhancement pursuant to § 2K2.1(b)(5) of the

Sentencing Guidelines.

Following hearings conducted on separate days, the Court denied Movant's objections but did grant the Government's motion for a downward departure pursuant to § 5K1.1 of the Guidelines and 18 U.S.C. § 3553. Defendant was sentenced to 135 months custody of the Bureau of Prisons.

Movant filed Notice of Appeal following which the Government moved to dismiss the appeal. The United States Court of Appeals for the Eighth Circuit sustained the Government's motion and the appeal was dismissed on July 13, 2005. The Court of Appeals denied Movant's petition for a rehearing and the mandate was issued September 20, 2005.

Movant filed a petition for Writ of Certiorari to the Supreme Court of the United States on December 12, 2005 and the Supreme Court denied the petition on January 23, 2006

On January 31, 2007 Movant asked for an extension of time to file his § 2255 request for relief which was granted and the § 2255 motion was filed February 27, 2007.

In the initial filing, Movant's claim was a general one, suggesting that there was misrepresentation and wrongful conduct of his counsel which caused a "wrongful judgment" by the United States District Court. He further alleges that the negligence of his counsel caused him great suffering.

Following the government's response to the motion stating that Movant's allegations are vague and conclusory, Movant in effect amended his motion with a modest additional degree of particularity. In the "Brief to the 28 U.S.C. § 2255" filed June 14, 2007 Movant claims that his counsel was ineffective for failing to investigate the facts of a prior conviction. This conviction was one which was included in the determination of Movant's status as an Armed Career

Criminal. Movant claims that had his counsel been more diligent, she would have found that the conviction involved should not have been counted and that Movant, therefore, would not have been classified as an Armed Career Criminal.

**STANDARD OF REVIEW**

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also Coleman v. U.S., 2005 WD 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial" Id. at 59.

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. accord Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's

deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.)"

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.2d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D. Ia.), United States v. Trotter, 2002 WL 827416 (D. Neb), United States v. Knakmulis, 2000 WL 34031866 (N.D. Ia.). See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), Matthews, 114 F.3d at 113. A defendant may surmount this procedural default only if the defendant "can show both (1) cause that excuses the default and (2) actual prejudice from the errors asserted." Matthews, 114 F.3d at 113.

## ANALYSIS

Count 1 of the superceding indictment to which the defendant entered a plea of guilty and on which he was sentenced, reads as follows:

"The Grand Jury charges that:

A.    On or about January 21, 2004, in the City of St. Louis, within the Eastern District of Missouri,

**ANTHONY YOUNG**

the Defendant herein, having been convicted previously of the following offenses:

1.    Robbery in the Second Degree, on or about March 19, 1993, in Cause No. 911-3084A, in the Circuit Court of the City of St. Louis, Missouri;

2.    Robbery in the Second Degree, on or about March 19, 1993, in Cause No. 921-2877, in the Circuit Court of the City of St. Louis, Missouri;

3.    Stealing, on or about December 3, 1993, in Cause No. 92CR 6978B, in the Circuit Court of St. Louis County, Missouri; and

4.    Stealing from a person, on or about May 13, 1983, in Cause No. 821-2471, in the Circuit Court of the City of St. Louis Missouri;

all crimes punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm to wit one Smith & Wesson, Model 10-5, .38 Special revolver, bearing serial number D565482, which traveled previously in interstate or foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(I) and punishable under Title 18, United States Code, Section 924(e); and

B.    Pursuant to Title 28, United States Code, Section 994, and the United States Sentencing Guidelines promulgated in accordance therewith, and pursuant to Title 18,

United States Code, Section 924(e), the Grand Jury further charges as follows:

1.      Prior to violating Title 18, United States Code, Section 922(g)(1), set forth in Paragraph A, Defendant Anthony Young had three or more previous convictions by a court for violent felonies committed on occasions different from one another to wit:

>    1.      Robbery in the Second Degree, on or about March 19, 1993, in Cause No. 911-3084A, in the Circuit Court of the city of St. Louis, Missouri;

>    2.      Robbery in the Second Degree, on or about March 19, 1993, in Cause No. 921-2877, in the Circuit Court of the City of St. Louis, Missouri;

>    3.      Stealing, on or about December 3, 1993, in Cause No. 92CR 6978B, in the Circuit Court of St. Louis County, Missouri; and

>    4.      Stealing from a person, on or about May 13, 1983, in Cause No. 821-2471, in the Circuit Court of the City of St. Louis, Missouri;

thereby making the offense punishable under Title 18, United States Code, Section 924(e) and United States Sentencing Guideline Section 4B1.4.

2.      Defendant Anthony Young used or possessed the firearm in connection with another felony offense, thereby making the offense punishable under United States Sentencing Guideline Section 2K2.1(b)(5)."

Title 18, United States Code, Section 924(e) provides as follows:

"In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a

violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . . ."

This Court, in determining that Movant was an Armed Career Criminal, found that he had three previous convictions for violent felonies committed on occasions different from one another. As stated in the indictment, the first was Robbery in the Second Degree, Cause No. 911-3084A, Robbery in the Second Degree, Cause No. 921-2877 and Stealing from a person in Cause No. 821-2471. Each of the three convictions were committed on different occasions from one another.

Movant does not contest that his counsel was inadequate in failing to address the two robbery charges but averred that she was inadequate in failing properly to gather the facts as to the stealing incident.

Movant's assertions are non-persuasive. Movant complains that the Court erroneously used the stealing conviction in Cause No. 92CR6978B in the Circuit Court of St. Louis County, Missouri set out as No. 3 of the four violent felonies asserted in the Superseding Indictment for the purpose of concluding movant was an Armed Career Criminal. The Court did not use that stealing conviction in making its decision; rather it used the stealing from a person conviction in Cause No. 821-2471 in Circuit Court of the City of St. Louis, Missouri.

At the time of the sentencing hearing on February 25, 2005, the Court received as evidence Government's Exhibit 1 which was a certified copy of the conviction in Cause No. 821-2471. The principal portion of the indictment in that case stated that Movant ". . . committed the Class C felony of stealing . . . in that the defendant appropriated an amount of United States currency by physically taking it from the person of Larry Williams, and said property was owned by Larry Williams, with the intent to deprive the owner thereof."

A theft from a person is a crime of violence , U.S. v. Strong, 415 F.3d 902, 908 (8th Cir. Mo. 2005), cert den. Strong v. U.S., 546 U.S. 1130, 126 S.Ct. 1121, 163 L.Ed.2d 927.  U.S. v. Hudson, 414 F.3d 931, 935, 936 (8th Cir. 2005).

Movant does not contest that he was found guilty of theft from a person; accordingly, from the great weight of the authority it was obvious that the offense of stealing from a person constituted a crime of violence under § 924(e).

In fact, Movant entered a plea of guilty to the indictment which charged four offenses, at least three of which were crimes of violence.  It is somewhat disingenuous of him at this stage to complain that his counsel was not diligent in pursuing the matter further.

Although the Court granted Movant additional time to file his request for relief under § 2255, it was obvious that the request for additional time and the actual filing was time-barred under 28 U.S.C. § 2255(1).

As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 provides a one-year period of limitation shall apply to a motion under this section and the limitation period shall run from the date on which the judgment of conviction becomes final.  The mandate of the United States Court of Appeals for the Eighth Circuit was issued September 20, 2005 following the granting of the Government's motion to dismiss Movant's appeal.  On January 23, 2006 the Supreme Court of the United States denied Movant's petition for a Writ of Certiorari.  Movant did not request an extension of time to file his § 2255 claim for relief until January 31, 2007, and the actual motion was not filed until February 27, 2007.  Both dates, obviously, were in excess of the one-year limitation period.

The Court finds, therefore, that the performance of Movant's counsel did not fall below an

objective standard of reasonableness and that there was no reasonable probability that but for counsel's purported error, Movant would not have pled guilty and would have insisted on going to trial. Movant's request for relief, therefore, should be denied.

Dated this __29th__ day of October, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE